MH:JL
F. #2005R01572

# **M-08-106**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FILIPPO CASAMENTO,

           Defendant.

- - - - - - - - - - - - - - - - -X

TO BE FILED UNDER SEAL

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR
ARREST WARRANT

(T. 8, U.S.C., §§ 1326(a)
and 1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

          ERNEST VERINA, being duly sworn, deposes and says that
he is a Special Agent with Immigration and Customs Enforcement,
duly appointed according to law and acting as such.

          Upon information and belief, on or about May 23, 2007,
within the Eastern District of New York and elsewhere, the
defendant FILIPPO CASAMENTO was found in the United States after
having been arrested and deported from the United States
subsequent to a conviction for the commission of an aggravated
felony without having obtained the permission of the Attorney
General of the United States or the Secretary of the Department
of Homeland Security to re-enter the United States.

          (Title 8, United States Code, Section 1326(a) and
1326(b)(2).)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.    I am a Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE") and have been involved in the investigation of numerous cases involving the illegal re-entry of foreign citizens.  I am familiar with the facts and circumstances set forth below from a review the defendant's immigration administrative file, the defendant's criminal history record, and reports of other law enforcement officers.

2.    The defendant was born in Palermo, Italy on January 2, 1926, and is currently a citizen and national of Italy.

3.    On or about December 4, 1973, the defendant was convicted in the Southern District of New York in United States v. Philipo Casamento, et al., No. 73 CR 228 (MIG), on charges of distribution of heroin, in violation of 21 U.S.C. § 841, and sentenced to a term of imprisonment of 15 years.

4.    On or about June 23, 1987, the defendant was convicted in the Southern District of New York in United States v. Filippo Casamento, et al., No. 84 CR 236 (PNL), on charges of RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and

---

[1]    Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not set forth all of the facts and circumstances of which I am aware.

distribution of heroin, in violation of 21 U.S.C. § 846, and sentenced to concurrent terms of imprisonment of 30 years and 20 years, respectively.

5. On or about September 12, 2002, pursuant to a prior order of deportation, the defendant was deported from the United States to Italy.

6. From in or about January 2006 and June 2007, an agent of the Federal Bureau of Investigation ("FBI"), who is familiar with the defendant from the photograph contained in the defendant's immigration administration file, physical surveillance, and records checks, observed the defendant approximately four times in Staten Island and Brooklyn, New York.

7. On or about May 23, 2007, another agent of the FBI, who is familiar with the defendant from the photograph contained in the defendant's immigration administration file and physical surveillance, observed the defendant at a residence located at 437 Laconia Avenue, Staten Island, New York.

8. A review of immigration records reveals that the defendant has never been granted permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United States.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant so he may be dealt with according to law.

ERNEST VERINA
Special Agent
Immigration and
Customs Enforcement

Sworn to before me this
5th day of February 2008

UNITED
EASTERI

UDGE
RK