UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA      \*     Case No. CR-08-148(FB)
                            \*
                            \*     Brooklyn, New York
                            \*     March 19, 2008
    v.                        \*
                            \*
FILIPPO CASAMENTO,          \*
                            \*
            Defendant.     \*
                            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:            JOSEPH LIPTON, ESQ.
                           Asst. United States Attorney
                           United States Attorney's Office
                           271 Cadman Plaza Ease
                           Brooklyn, NY 11201-1820

For the Defendant:             CHARLES F. CARNESI, ESQ.
                           1225 Franklin Avenue, Ste. 325
                           Garden City, NY  11530

Certified Interpreter:       MS. ANN MARIE MARRA

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Transcription Service, Inc.**
**67Elaine Drive**
**Shelton, Connecticut 06484 (203)929-9992**

1    (Proceedings commenced at 2:20 p.m.)

2         THE CLERK:  Criminal cause for a guilty plea,

3    United States of America versus Casamento, docket number 08-

4    CR-148 (FB).

5         Counsel, please come forward and state your

6    appearances for the record.

7         THE COURT:  We can hear you from counsel table.

8    That's fine.

9         MR. CARNESI:  Thank you, Your Honor.

10        THE COURT:  Just make sure you're speaking into a

11   microphone that's turned on.  For the government?

12        MR. LIPTON:  Joseph Lipton.  Good afternoon, Your

13   Honor.

14        THE COURT:  Hello.  For the defendant?

15        MR. CARNESI:  Good afternoon, Your Honor.  Charles

16   Carnesi appearing for Mr. Casamento.

17        THE COURT:  Mr. Carnesi, have you filed a Notice of

18   Appearance?

19        MR. CARNESI:  Yes, I have, Your Honor.

20        THE COURT:  Please feel free to have a seat.

21        MR. CARNESI:  Thank you.

22        THE COURT:  We have an Italian interpreter here?

23        MR. CARNESI:  Yes, Your Honor.

24        THE COURT:  Please swear the interpreter.

25    (The interpreter is sworn.)

3

1          THE COURT:  Please state your name.

2          THE INTERPRETER:  Ann Marie Marra.

3          THE COURT:  Ms. Marra, thank you for your

4     assistance today.

5          MS. MARRA:  You're welcome.

6          THE COURT:  Mr. Casamento, do you understand what's

7     being said as it's translated into Italian for you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.  You can feel free to remain

10     seated.  All right, sir?

11          THE DEFENDANT:  Okay.

12          THE COURT:  All right.  Now as I understand it, we

13     are here today for an arraignment on the indictment and a

14     plea of guilty to that instrument as well.  But it is not the

15     defendant's first appearance before the Court.  Rather, he

16     appeared before the Court on a complaint and was ordered

17     detained as a result of that proceeding.

18          Do I understand correctly, Mr. Lipton?

19          MR. LIPTON:  Yes, Your Honor.

20          THE COURT:  Okay.  I have before me a referral

21     order that appears to be executed by the defendant, the

22     indictment and a penalty sheet.  I assume -- Mr. Carnesi?

23          MR. CARNESI:  Yes, Your Honor.

24          THE COURT:  That you have all those documents as

25     well?

4

1          MR. CARNESI:  Yes, I do.

2          THE COURT:  Mr. Casamento, the first thing I want

3     to ask you is if you've been presented with a copy of the

4     indictment or formal charge that was returned by the Grand

5     Jury?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Has it been read to you in Italian?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that it accuses you

10    of returning to the United States of America after you were

11    deported based upon a felony conviction with no right to

12    return to the United States?  Do you understand that that's

13    what you're accused of?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Counsel, have you in fact reviewed this

16    indictment with your client and satisfied yourself he

17    understands the charge?

18         MR. CARNESI:  Yes, Your Honor.

19         THE COURT:  Do you waive its verbatim reading in

20    open court?

21         MR. CARNESI:  Yes, I do.

22         THE COURT:  Mr. Casamento, I understand that you

23    wish to tender a plea of guilty to this charge.  Before I may

24    hear any guilty plea you might choose to offer today, I need

25    to make sure that you understand I am not the Judge who is

5

1   presiding over your case.   That is United States District

2   Judge Block.

3            Judge Block is the one who will decide whether any

4   plea of guilty you decide to offer should be accepted and if

5   it is, how your sentence should be calculated.

6            If you wish, you have the absolute right to have

7   Judge Block be the one who listens to your plea of guilty.

8   If that is your preference, there will be no prejudice to

9   you.

10           You will be permitted to plead guilty on the same

11   terms and conditions that are being offered to you, now but

12   on another date that is convenient to Judge Block.

13           Now as a Magistrate Judge, I do not have the

14   authority under the law to formally accept your plea or to

15   calculate your sentence.

16           But I do have the authority, if I have your consent

17   and agreement, to be the Judge who listens to your guilty

18   plea.

19           If you do, in fact, agree to proceed before me, I

20   will arrange for these proceedings to be recorded and for a

21   transcript to be prepared so that Judge Block has a complete

22   record of everything we say to each other before he's called

23   upon to decide whether your plea of guilty should be accepted

24   and how your sentence should be calculated.

25           Do you understand what I've said to you?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you agree to proceed before me and

3    to waive your right to have Judge Block preside over your

4    guilty plea?

5          THE DEFENDANT:  We're okay.  We're okay.

6          THE COURT:  Did you sign this consent form?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Did you understand what you were

9    signing?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Mr. Carnesi, do you know of any reason

12   why your client should not consent to proceed before me for

13   these purposes?

14         MR. CARNESI:  No, Your Honor.

15         THE COURT:  I find the consent of the defendant

16   knowing and voluntary.  I add my endorsement to the consent

17   form to reflect my finding.

18         Mr. Casamento, before I may recommend to Judge

19   Block that any plea of guilty you offer should be accepted, I

20   am going to have to ask you a lot of questions.

21         The questions are important.  They are designed to

22   make sure that you understand what a serious decision it is

23   you're about to make.

24         They are also designed to create a record that will

25   show that I explained your rights to you, you told me you

7

1    understood them and then you agreed to give them up.

2            Once all of that happens, any plea of guilty you

3    offer will be legally valid and permanently binding upon you.

4    So it's very important that you listen carefully to my

5    questions.

6            If I ask you anything that you're not sure you

7    understand, I want you to tell me so before you answer it so

8    that I can re-phrase the question and if you wish to ask me

9    anything or have a private conversation with your attorney,

10   all you have to do is tell me and I'll give you that

11   opportunity.

12           Is all of that clear?

13           THE DEFENDANT:  Very clear, Your Honor.

14           THE COURT:  It's so important that you're truthful

15   today that I will ask that you be placed under oath before we

16   proceed.

17   (The defendant is sworn.)

18           THE COURT:  You may sit down.  Now that you have

19   taken an oath, when you answer my questions, you do so under

20   penalties of perjury or making a false statement.  That means

21   that if you lie to me during this proceeding, the prosecutor

22   may bring new charges against you as a result.  Is that

23   clear?

24           THE DEFENDANT:  Yes.

25           THE COURT:  State your full name.

1              THE DEFENDANT:  Filippo Casamento.

2              THE COURT:  Thank you.  How old are you?

3              THE DEFENDANT:  82.

4              THE COURT:  How far did you go in school?

5              THE DEFENDANT:  Fifth grade, Your Honor.

6              THE COURT:  Are you having any problem

7      understanding the interpreter?

8              THE DEFENDANT:  No.  No.

9              THE COURT:  Are you now or have you recently been

10     seeing a psychiatrist or mental health professional for any

11     mental or emotional problems?

12             THE DEFENDANT:  No.

13             THE COURT:  Are you under the care of a physician

14     or a doctor for any physical ailments?

15             THE DEFENDANT:  No.

16             THE COURT:  Are you taking any medications?

17             THE DEFENDANT:  I'm taking some kind of medication,

18     Your Honor.  I have arthritis and I'm bleeding.

19             THE COURT:  Where are you bleeding?

20             THE DEFENDANT:  In the rectum, Your Honor.

21             THE COURT:  Okay.  Do you know the names of the

22     drugs that you're taking?

23             THE DEFENDANT:  No.  I don't remember, Your Honor.

24     They give it to me over there, but I don't remember.

25             THE COURT:  Do any of the drugs that you're taking

1    affect your ability to concentrate or remain alert?

2              THE DEFENDANT:  No.  Everything's okay, Your Honor.

3    Everything's okay.

4              THE COURT:  Other than being treated with drugs for

5    rectal bleeding and arthritis, have you taken any narcotics,

6    drugs, medicine, pills or alcohol of any other type in the

7    last 24 hours?

8              THE DEFENDANT:  No.  No.

9              THE COURT:  Have you ever in your life been treated

10   for drug or alcohol abuse or psychiatric problems?

11             THE DEFENDANT:  Never.

12             THE COURT:  Is your mind clear today?

13             THE DEFENDANT:  Yes.  Thank God, yes.

14             THE COURT:  Do you understand everything that's

15   happened here so far?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Mr. Carnesi, have you reviewed the

18   matter of pleading guilty carefully with your client?

19             MR. CARNESI:  Yes, I have, Your Honor.

20             THE COURT:  Does he, in your judgment, understand

21   the rights he'll be waiving if he offers a plea of guilty?

22             MR. CARNESI:  Yes, he does.

23             THE COURT:  Is he capable, in your opinion, of

24   understanding the nature of this proceeding?

25             MR. CARNESI:  Absolutely, Your Honor.

1      THE COURT:  Do you have any doubt about his

2  competence to offer a guilty plea at this time?

3      MR. CARNESI:  None whatsoever.

4      THE COURT:  Have you alerted him to the maximum

5  sentence and fine that might be imposed, the collateral

6  consequences of conviction and the likely calculation of the

7  sentencing guidelines as best you can predict it?

8      MR. CARNESI:  Yes, Your Honor.

9      THE COURT:  Mr. Casamento, have you had enough time

10  to go over your case very carefully with your attorney?

11      THE DEFENDANT:  Everything is okay, Your Honor.

12      THE COURT:  Not my question.  Have you had enough

13  time to go over your case very carefully with your attorney?

14      THE DEFENDANT:  Yes.  Yes.

15      THE COURT:  Do you understand that if you could not

16  afford Mr. Carnesi's services and you demonstrated that to

17  the Court, I would appoint a lawyer to defend you at no cost

18  to you?  Is that clear to you?

19      THE DEFENDANT:  Everything is okay.

20      THE COURT:  Sir, I accept that everything's okay.

21  I need to make sure that you understand specific rights that

22  you have.  I will not recommend that Judge Block accept your

23  guilty plea unless I'm sure you do.  So even if everything is

24  okay, you need to answer my questions about specific rights

25  and tell me whether you understand them or not.  I will ask

1     you again.

2              Do you understand that if you could not afford Mr.

3     Carnesi's services and you demonstrated that to the Court, I

4     would appoint an attorney to represent you at no cost to you?

5     Is that clear to you?

6              THE DEFENDANT:  Mr. Carnesi's services are excel --

7              THE COURT:  Excellent.

8              THE INTERPRETER:  Excellent.  I'm sorry, Your

9     Honor.

10             THE COURT:  That's okay.  And do you understand --

11    again, I'm asking you -- please try to answer me yes or no if

12    you can -- that if you couldn't afford his services any

13    longer, I would appoint a lawyer to defend you at no cost to

14    you.  Is that clear to you?

15             THE DEFENDANT:  I thank you very much.  But it's --

16    everything clear, Your Honor.

17             THE COURT:  Are you, in fact, satisfied to have Mr.

18    Carnesi as the attorney who is defending you in this case?

19             THE DEFENDANT:  With everything.

20             THE COURT:  Before we began or -- excuse me.  At

21    the beginning of this proceeding, I showed you the

22    indictment.  You told me you had a copy and that it had been

23    read to you in your native language.  Do you recall the

24    indictment and what you're accused of in it?

25             THE DEFENDANT:  Yes.  Illegal entry.

1       THE COURT:  You have a right to plead not guilty to

2   this charge.  You have that right whether you committed this

3   crime or not.  It is never lying to the Court to plead not

4   guilty.  Every defendant has that right, whether he committed

5   the offense he is charged with or not.

6       Do you understand?

7       THE DEFENDANT:  Yes.

8       THE COURT:  Mr. Casamento, I want you to wait until

9   I finish asking my question before you begin to answer it.  I

10  want you to do that for a lot of reasons.  First of all, I

11  want to make sure you understand the whole question before we

12  make a record of what your answer is.

13      Second of all, I don't want our interpreter to have

14  a nervous breakdown trying to translate what I'm saying and

15  what you're saying at the same time.  So be patient with me.

16  Let me finish my question and I'll be patient with you and

17  let you finish your answer.  Can we make a deal?

18      THE DEFENDANT:  I thank you very much, Your Honor.

19  I understood everything.  Thank you, Your Honor.  Whatever

20  you're doing.  Thank you.

21      THE COURT:  If you plead not guilty, then under the

22  Constitution and laws of the United States, you are entitled

23  to a speedy and public trial by jury with your attorney's

24  assistance on the charges that are pending against you.  Is

25  that clear to you?

1        THE DEFENDANT:  Yes.  I plead guilty.

2        THE COURT:  I'm telling you now about the rights

3  you'll be giving up.  I want you to listen to my questions

4  and answer them.  I will give you a chance to tell me how you

5  want to plead later.

6        At your trial, you would be presumed to be

7  innocent.  The prosecution will be required to overcome the

8  presumption of innocence and prove your guilt by competent

9  evidence and beyond a reasonable doubt if you proceed to

10 trial.  You would not have to prove that you were innocent at

11 your trial.

12        If the prosecutor failed to prove that you were

13 guilty beyond a reasonable doubt, the jurors would have the

14 duty to return a not guilty verdict and Judge Block would

15 tell them so.  Is that clear to you?

16        THE DEFENDANT:  Yes.

17        THE COURT:  Yes, it's clear to you?

18        THE DEFENDANT:  Clear.

19        THE COURT:  That's why juries will sometimes find

20 the defendant not guilty even though they believe he probably

21 committed the crime with which he was charged.  When jurors

22 vote not guilty, they are not saying the defendant is

23 innocent, only that they are not convinced beyond a

24 reasonable doubt that he is guilty.  Tell me if you

25 understand me, Mr. Casamento.  Yes or No?

1      THE DEFENDANT:  Yes.

2      THE COURT:  If you were to proceed to trial, the

3  witnesses for the prosecution would be required to come into

4  the courtroom and to present their testimony in front of you

5  and your attorney.

6      Your attorney would have the right to question the

7  prosecution witnesses on cross-examination.  Your attorney

8  would have the right to object to evidence the prosecutor

9  attempted to offer against you and you and your attorney,

10  working together, would have the right to call witnesses,

11  present evidence and make arguments to the jury in your

12  defense.  Is all of that clear to you?

13      THE DEFENDANT:  Yes.  It's very clear, Your Honor.

14  Yes.

15      THE COURT:  At your trial, you yourself would have

16  the right to testify before the jury if you made that choice,

17  but no one could make you testify at the trial if you didn't

18  want to.  That is because the United States Constitution says

19  that no one may be required to say anything self-

20  incriminating.

21      If you decided that you preferred not to testify in

22  your own defense, Judge Block would instruct the members of

23  the jury that they could not hold that against you when they

24  considered their verdict.  Do you understand me?

25      THE DEFENDANT:  Yes.  Yes, I understood.  I am

1    happy of what the Judge is doing.  I understood everything.

2        THE COURT:  If you plead guilty and Judge Block

3    accepts your guilty plea, you will be giving up your

4    Constitutional right to trial and every other right I have

5    told you about today.  There will be no further trial in your

6    case.  You will have no right to appeal from your conviction.

7        Judge Block will convict you based upon your

8    admission of guilt during this proceeding we're having right

9    now and the prosecutor will be free of any responsibility to

10   prove what you did.  Is that clear?

11       THE DEFENDANT:  Very clear.  I committed a crime.

12   It's clear.

13       THE COURT:  Is what I'm telling you about your

14   rights clear to you?

15       THE DEFENDANT:  Yes.

16       THE COURT:  If you went to trial and the jury found

17   you guilty by their verdict, you would have a right to seek

18   review by the Court of Appeals concerning the legality of all

19   of the proceedings that resulted in your conviction.

20       But if you plead guilty, your conviction will be

21   based on the words that you chose to speak with your own

22   mouth and you will have no right to appeal from the judgment

23   of guilty that results.

24       Is that clear?

25       THE DEFENDANT:  Very clear.

1          THE COURT:  If you plead guilty, I have to ask you

2     questions about what you did that makes you think you are

3     guilty.

4          I ask those questions so that Judge Block and I

5     can be satisfied that your guilty plea is based upon true

6     facts.  If you want to plead guilty, you will have to answer

7     my questions and acknowledge your guilt, but by doing so, you

8     will be giving up your Constitutional right not to

9     incriminate yourself.  Is that clear?

10          THE DEFENDANT:  Very clear.

11          THE COURT:  Do you still wish to give up your right

12     to trial and all the other rights I have told you about

13     today?

14          THE DEFENDANT:  Yes.  I want to plead guilty.

15          THE COURT:  Mr. Lipton, it is my understanding that

16     no agreement has been made with the defendant.  Is that

17     accurate?

18          MR. LIPTON:  It is.

19          THE COURT:  Mr. Casamento, has anyone promised you

20     anything in return for your agreement to plead guilty?

21          THE DEFENDANT:  No.

22          THE COURT:  Do you still have the charge against

23     you clearly in your mind?

24          THE DEFENDANT:  Yes.  My mind is clear and I'm

25     conscious of it.

1            THE COURT:  Do you remember the charge against you

2    about the illegal re-entry after a felony conviction?

3            THE DEFENDANT:  Illegal entry.

4            THE COURT:  I need to review with you the penalties

5    you face if you decide to go forward with your guilty plea.

6    The law you are accused of breaking authorizes a prison

7    sentence that could be as long as 20 years.  Do you

8    understand?

9            THE DEFENDANT:  Yes.

10           THE COURT:  In addition, the law will authorize a

11   supervised release term that could be as long as three years.

12   Is that clear?

13           THE DEFENDANT:  Very clear.

14           THE COURT:  Supervised release begins to run only

15   once you have completed your prison sentence.  At that point,

16   although you will be released from prison, you won't be

17   completely at liberty because you will have to follow the

18   supervised release rules.  There are so many I can't list

19   them for you, especially if you remain in the United States.

20   Even if you are deported there will be rules to follow,

21   including rules that you commit no new crimes, including no

22   more illegal re-entries.

23            If you break any supervised release rule, that will

24   be grounds to arrest you, bring you back to this Court and

25   send you back to prison for up to two years.  That would be a

new sentence.  You would receive no credit for the time you
spent serving your original term.  Is that clear?

          THE DEFENDANT:  Yes.

          THE COURT:  You could be fined as much -- I'm
sorry.  Go ahead.

          THE DEFENDANT:  I want to address to the Judge that
I came back to the United States of America because --

          THE COURT:  I'm not ready to hear that yet, so I do
not want to hear your admission of guilt until I'm sure you
understand all of your rights.

          THE DEFENDANT:  Okay.

          THE COURT:  Thank you.  You could be fined as much
as $250,000 and a special assessment of $100 will be imposed
upon you at the time you are sentenced.  Do you understand
those aspects of what you face?

          THE DEFENDANT:  Okay.

          THE COURT:  You understand me?

          THE DEFENDANT:  Yes.

          THE COURT:  You could be deported simply based upon
your plea of guilty.  Is that clear to you?

          THE DEFENDANT:  Yes.

          THE COURT:  Then I want to turn your attention to
what we call the Sentencing Commission Guidelines.  These
guidelines will be calculated by Judge Block.  They will
provide him with a range of months within which the law

1   suggests your sentence should be set, but it will remain with

2   Judge Block to decide what your sentence is anywhere between

3   zero to 20 years.  Do you understand what I have said to you?

4           THE DEFENDANT:  Yes.

5           THE COURT:  The prosecutor estimates or predicts

6   that Judge Block will decide your guideline range to be 46 to

7   57 months long, but Judge Block will make his own calculation

8   and could decide upon an even longer guideline range.  Even

9   once he calculates the guideline range, he could find that

10   your case warrants a sentence either below or above the

11   guideline range he's calculated.  The guidelines are just

12   what they're called -- guidelines.  They are not mandatory.

13   Do you understand?

14           THE DEFENDANT:  Yes.

15           THE COURT:  There is no parole in Federal prison.

16   If you receive a prison sentence, you will not be released

17   early from it on parole.  Is that clear?

18           THE DEFENDANT:  Yes.

19           THE COURT:  No matter what sentence you receive,

20   you will have no right to take an appeal or to say that you

21   want your plea of guilty back.  The only limitation on Judge

22   Block's discretion is the 20-year statutory maximum that

23   could be imposed.  Is that clear?

24           THE DEFENDANT:  Clear.

25           THE COURT:  Do you have any questions you would

1    like to ask me or discuss privately with Mr. Carnesi before

2    you decide how to proceed?

3              THE DEFENDANT:  Thank you, Your Honor.

4              THE COURT:  No questions?  No?

5              THE DEFENDANT:  No.

6              THE COURT:  Are you ready to enter your plea?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Mr. Carnesi, do you know of any reason

9    why Mr. Casamento should not proceed to plead guilty to the

10   pending charge?

11             MR. CARNESI:  None, Your Honor.

12             THE COURT:  Mr. Casamento, with respect to the

13   charge of illegally re-entering the United States after

14   having been deported, after having been convicted of an

15   aggravated felony, how do you plead?  Guilty or not guilty?

16             THE DEFENDANT:  Guilty, Your Honor.

17             THE COURT:  Do you make this guilty plea

18   voluntarily and of your own free will?

19             THE DEFENDANT:  Yes.  Yes.  I have no reason not to

20   say no, Your Honor.  It's guilty.

21             THE COURT:  Have you been threatened or pressured

22   by anyone into offering this guilty plea?

23             THE DEFENDANT:  No.  It's my desire.

24             THE COURT:  Has anyone promised you anything in

25   return for your guilty plea?

1          THE DEFENDANT:  No, no, no.  No.  Nothing.

2     Nothing.

3          THE COURT:  Has anyone promised you what sentence

4     Judge Block will impose -- Mr. Casamento?  Listen to the

5     question, then you answer, okay?  Has anyone promised you

6     what sentence Judge Block will set in your case?

7          THE DEFENDANT:  I'm conscious.  Voluntarily, I'm

8     doing this.  Because I love America, Your Honor.

9          THE COURT:  Has anyone promised you what sentence

10     Judge Block will impose in your case?

11          THE DEFENDANT:  No.

12          THE COURT:  Mr. Casamento, did there come a time

13     when you were deported from the United States?

14          THE DEFENDANT:  Yes.

15          THE COURT:  What year were you deported, if you

16     remember?

17          THE DEFENDANT:  2002.

18          THE COURT:  Were you convicted of a felony before

19     you were deported?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you remember what felonies you were

22     convicted of?

23          THE DEFENDANT:  No, I do not plead guilty on that

24     crime.  No.

25          THE COURT:  Sir, I didn't ask you if you pled

1    guilty.  Were you convicted of a felony by a jury before you

2    were deported?

3              THE DEFENDANT:  Yes.  Yes.

4              THE COURT:  What crimes were you found guilty of by

5    the jury before you were deported?

6              THE DEFENDANT:  Transfers of drug.

7              THE COURT:  Was that a federal offense?

8              THE DEFENDANT:  Yes.  Yes.

9              THE COURT:  Did you serve time in prison for that

10   crime?

11             THE DEFENDANT:  Yes.

12             THE COURT:  When you got out of prison, you were

13   deported from the United States in 2002?

14             THE DEFENDANT:  Yes.

15             THE COURT:  You knew you were not authorized to re-

16   enter the United States once you were deported?  Is that

17   correct?

18             THE DEFENDANT:  Yes.  Yes.

19             THE COURT:  Did you come back to the United States

20   anyway?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Were you found in the United States in

23   May of 2000 in Brooklyn, New York?  Is that right, Mr.

24   Lipton?

25             MR. LIPTON:  Yes, sir.

1    THE DEFENDANT:  I left Italy 2004 and lived four

2    years here.

3    THE COURT:  Were you arrested on Staten Island in

4    May of 2007, having come back into the country illegally

5    sometime earlier than that?

6    THE DEFENDANT:  Yes.

7    THE COURT:  Is there anything further, Mr. Lipton,

8    you would have me inquire of the defendant?

9    MR. LIPTON:  No, Judge.

10   THE COURT:  Based on the information given to me, I

11   find that Mr. Casamento is acting voluntarily, that he

12   understands his rights and the consequences of his plea and

13   that his plea of guilty is based upon fact.  I therefore

14   recommend that Judge Block accept the defendant's plea of

15   guilty to the sole pending charge.  Probation will set a

16   sentencing date.

17   Between now and when you are sentenced, Mr.

18   Casamento, you will be interviewed by a Probation Officer.

19   The reason for that interview is to assist the officer in

20   preparing the report that Judge Block will use when he

21   decides what your sentence should be.  I urge you to be

22   cooperative and answer the officer's questions truthfully.

23   Is there anything further for my attention?

24   MR. CARNESI:  No, Your Honor.

25   THE COURT:  Thank you very much, everybody.

24

1        (Proceedings concluded at 2:49 p.m.)

2        I, CHRISTINE FIORE, court-approved transcriber, certify

3    that the foregoing is a correct transcript from the official

4    electronic sound recording of the proceedings in the above-

5    entitled matter.

6    _____                April 7, 2008

7        Christine Fiore

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24